Hite v. Lenhart, and others.

1. The courts of this State will not ex-officio take notice of the laws of sister States.

2. Surprise in matter of fact, when due diligence has been used, may be good cause for a new trial, but not surprise in matter of law.

Appeal from the Circuit Court of St. Louis county.

*Crocket & Gist for Appellant.*

The appellant assigns for error, that the court should have granted a new trial for the following reasons :

1st. On the ground of surprise, and cites in support, 1 J. J. Mars. Rep. 319–20 ; 2 J. J. Mars. R. 515 ; 3 Taunton, 484; 4 Chit. Practice, 59, 60; 7 Taunton, 309 ; 8 Taunton, 730; 1 Black R. 295–8.

2d. On the ground that the copy of the assignment was improperly rejected by the court. (See act of Congress, 1790, approved 26th May, prescribing the mode in which the public acts, records, and judicial proceedings in each State shall be authenticated, &c.)

*Geyer & Dayton for Appellees.*

It becomes necessary in ascertaining whether the court committed error in refusing a new trial to examine only the two reasons last mentioned, for the counsel for the interpleader must rely solely upon them. As to the first, that the certified copy of the record was improperly excluded from the jury, the interpleader is now, and was on the motion for a new trial, precluded from availing himself of the error of the judge, supposing it was one, for the reason that he took no exception to it at the trial.

Having neglected to take the exception at the proper time, the following authorities will show that the propriety or impropriety of excluding that evidence cannot now be questioned: McGirney v. the Phenix Insurance Company, 1 Wendell Rep. 86; Whitesides v. Jackson, 1 Wend. 418; Jackson v. Caldwell, 1 Cowen, 638 ; Shepard, et al. v. White, 3 Cowan, 32 ; Friers v. Jackson, 8 Johnson, 495 ; Lanuse v. Barker, 10 John. 312 ; Davis v. Burns, 1 Mo. Rep. 364 ;

Bartlett v. Draper, et al. 3 do. 477; Swerengen v. Newman, 4 do. 455; Withington v. Young, 4 do. 563.; Waldo v. Russell, 5 do. 387.

But the copy was properly excluded. The original should have been produced or accounted for. See Starkee, 1 vol., 327, et seq.; Session Laws of Mo. 1838, 41 ; 5 Mo. R. 903; Leuster, 182. As to the other reason, that the counsel was surprised on the trial by the exclusion of the copy, it may be remarked in the first place—That under the instructions given to the jury, by consent of the counsel on both sides, the interpleader could not have been injured by the exclusion of the copy. The only object in offering this copy must have been to establish the fact, that the interpleader was the assignee of L. B. Clark. Under the instructions, the naked question of fraud was submitted to the jury, in determining which, they were directed to consider the circumstances of the sale from Varnum to Hill, upon the supposition that Hite was the assignee of Clark, as represented. The jury therefore passed upon the fact, and found a verdict the same as the would have done had the copy not been excluded.

The interpleader, then, ought not to have a new trial granted him on account of the exclusion of this copy, when the only fact it could possibly have been intended to prove was thus fully conceded by the defendant's counsel before the case was passed upon by the jury. Vide Stewart v. Small, 5 Mo. Decisions, 525.

It will be observed that the affidavit of the counsel, and the only one given, says nothing about the merits of the case. It shou'd have stated distinctly that the interpleader had merits. See Meechum v. Judy, 4 Mo. Rep. 361 : Elliot v. Leach, do. 590. But the affidavit of the counsel in reference to surprise, only shows that he was mistaken in the law, which is no ground for a new trial. Vide Graham's Practice, 508.

The interpleader stood in the relation of plaintiff in the suit, and if testimony important to him were ruled out, he might have taken a nonsuit. Graham's Practice, 269, et seq. But a new trial should not be granted on account of

the exclusion of evidence, properly or improperly, when the testimony was such as, if admitted, ought not to have changed the verdict.    By a review of the testimony in this case, it will be clearly seen the jury could not have justly found a different verdict had the authenticated copy offered, or even the original assignment been given in evidence, and had the assignment been fully before them and they found a different verdict, the court would have been strongly called upon to set it aside as against evidence, and grant a new trial.

In relation to granting new trials under such circumstances, vide Graham's Practice, 512, et seq.; 1 Johns. 222, Potter v. Lansi. ; Oldham v. Henderson, 4 Mo. Rep. 295 ; 3 Mo. Rep. 465, 5 do. 489.

*Opinion of the Court by Tompkins, Judge.*

Godfrey Lenhart and Robert Barber, composing the firm of G. Lenhart & Co., commenced a suit by attachment in the circuit court of St. Louis county, against John J. Varnum, and attached certain goods, which Ormsly Hite claiming as his own, commenced this suit to obtain them.    In the 32d section of the act to provide for the recovery of debts by attachment, it is provided, that any person claiming the goods attached may interplead.    Hite, claiming these goods, is then plaintiff in the secondary action against Lenhart & Co., plaintiffs in the original action against Varnum.    Hite, plaintiff in this action, to try the right of property in the attached goods, offered in evidence the copy of a deed of assignment under which he claimed, the original being left in Kentucky, because his attorney thought the copy of a deed recorded and duly authenticated would be received in evidence in the courts of this State.    The deed was certified under the seal of his court by the clerk of the county court of Jefferson county, in the State of Kentucky, to be truly copied, and the presiding justice of that court appears to have made the certificate required by the act of Congress of 26th May, 1790, to give records and judicial proceedings of

that court such faith and credit in the courts of this State as they have by law or usage in the courts of Kentucky. Waiving the question, whether the copy of this deed is the thing intended by the act of congress, to be received in evidence under the authority of this act of congress, the counsel of the plaintiff, Hite, has not shown on his bill of exceptions what faith and credit such a copy, by the laws or usages in the courts of Kentucky, would have in that State. The statute law of Kentucky should have been spread upon the record. It is however more usual to enter an agreement on record, that such parts of the statute of a neighboring State may be read from the printed copy: this has not been done. The plaintiff also moved for a new trial on the ground of surprise, having lately come to the State: he was unacquainted with the statute law, and thought such copy was evidence under the statute. Surprise in matter of fact, when due diligence has been used, may be good cause for a new trial, but not in matter of law. Because if due diligence be used, counsel cannot he surprised in matter of law. The judgment of the circuit court is therefore affirmed.

*Margin notes:* MAY TERM, 1841. Hite v. Lenhart. The courts of this State will not ex-officio take notice of the laws of sister States.

Surprise in matter of fact, when due diligence has been used, may be good cause for a new trial, but not surprise in matter of law.